**Cynthia L. TORSTRUP–LANHAM, Plaintiff—Appellant,**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY; et al., Defendants—Appellees.**

No. 06–56849.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted June 3, 2008.*

Filed July 2, 2008.

Kirk D. Hanson, Esq., Christopher Hayes, Esq., Grace, Brandon, Hollis & Ramirez, San Diego, CA, for Plaintiff–Appellant.

Kathryn A. Bernert, Esq., Luce Forward Hamilton & Scripps, LLP, San Diego, CA, for Defendants–Appellees.

Before: D.W. NELSON and BEA, Circuit Judges, and ROSENBLATT,** District Judge.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Paul G. Rosenblatt, United States District Judge for the District of Arizona, sitting by designation.

**462**

MEMORANDUM ***

In this diversity case, Cynthia Torstrup–Lanham appeals from the district court's order granting Government Employees Insurance Company's ("Geico") motion for summary judgment as to Torstrup–Lanham's claims under California Labor Code §§ 233 and 234,[1] and California Business and Professions Code § 17200 *et seq.* We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

█ 1. Torstrup–Lanham contends vacation leave, floating holidays, and personal leave accrued under Geico's leave policy qualify as "sick leave" under § 233(b)(4). Accordingly, Torstrup–Lanham claims Geico's dependability policy[2]—which penalizes employees for using unscheduled vacation leave, floating holidays, and personal leave to care for a sick family member—violates §§ 233 and 234. Under Geico's leave policy, however, vacation leave, floating holidays, and personal leave are distinct from sick leave; each has its own separate purpose, requirements, and rate of accrual. Geico does not provide vacation leave, floating holidays, and personal leave "for use by the employees … for [specified illness-related absences]." *See* Cal. Labor Code § 233(b)(4). Thus, these types of leave do not qualify as "sick

leave" under § 233(b)(4), and Geico's dependability policy does not violate §§ 233 and 234.[3]

█ The California Division of Labor Standards Enforcement ("DLSE") opinion letter cited by Torstrup–Lanham is not to the contrary. There, the DLSE held that where a company provided its employees with an undifferentiated block of paid time off for general use, all of an employee's accrued leave qualified as "sick leave" under § 233(b)(4). Here, Geico has explicitly defined several different types of leave—including health leave, vacation leave, floating holidays, and personal leave—each of which has its own separate purpose, requirements, and rate of accrual. Only the form of leave provided by Geico for illness-related absences qualifies as "sick leave" under § 233(b)(4).

█ 2. Torstrup–Lanham further contends the district court erred in holding there was no genuine issue of material fact as to whether Geico, in violation of its own leave policy (and § 233), mistakenly counted protected Family Sick Leave ("FSL") time against Torstrup–Lanham when calculating her dependability rating. Regardless whether Torstrup–Lanham's evi-

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Under California Labor Code §§ 233 and 234, employers that provide "sick leave" to their employees must allow each employee to use, in any calendar year, the amount of sick leave the employee would accrue during six months of employment to care for an ill family member, with no negative employment-related repercussions. "Sick leave" is defined as leave provided by the employer as an employment benefit "for use by the employee … for [specified illness-related absences]." Cal. Labor Code § 233(b)(4).

2. Under Geico's dependability policy, employees must maintain a 97% dependability rating, meaning an employee can miss no more than 3% of his scheduled work time due to unapproved, unscheduled absences (including unscheduled vacation leave, floating holidays, and personal leave).

3. That Geico does not prohibit its employees from using vacation or personal leave for time missed due to illness does not transform these types of leave into "sick leave." Regardless how an employee chooses to use his accrued vacation leave or personal leave, Geico does not provide these types of leave "for use by the employees … for [illness-related absences.]" *See* Cal. Labor Code § 233(b)(4).

dence created a disputed factual issue, however, this disputed fact was not material.

When Torstrup–Lanham missed work on October 26, 2002, to care for her sick child, she had accrued 2.98 hours of health leave. Under Geico's leave policy, one-half of this accrued health leave—1.49 hours—qualified as protected FSL time that could not be used against Torstrup–Lanham when calculating her dependability rating. Even assuming this 1.49 hours of FSL time was mistakenly used against Torstrup–Lanham in the calculation of her dependability rating, however, Torstrup–Lanham's dependability rating (excluding the 1.49 hours) still would have been below Geico's 97% minimum requirement when she was given her first warning about her substandard dependability rating on November 8, 2002, her second warning on January 3, 2003, and when she was terminated on January 31, 2003.[4]

Torstrup–Lanham does not contend, nor does anything in the record suggest, enforcement of Geico's dependability policy depends upon the extent of the employee's variance from the company's 97% standard. Hence, Torstrup–Lanham was not "aggrieved by a violation of [§ 233,]" Cal. Labor Code § 233(d), and is not entitled to relief for this purported violation.

3. Because Torstrup–Lanham's claim that Geico violated California Business & Professions Code §§ 17200 *et seq.* is dependent on her California Labor Code §§ 233 and 234 claims, we affirm the district court's grant of summary judgment as to this cause of action as well.

**AFFIRMED.**

---

4. On November 8, 2002, Torstrup–Lanham's supervisor calculated Torstrup–Lanham's dependability rating as 96.6%; on January 3, 2003, Torstrup–Lanham's dependability rating was calculated as 96.4%; on January 31, 2003, Torstrup–Lanham's dependability rating was calculated as 94.8%. Excluding the 1.49 hours of FSL time that Geico purportedly included in these calculations, the resulting dependability ratings would have been 96.71%, 96.58%, and 94.91% respectively. Torstrup–Lanham does not contend her dependability rating would have equaled or exceeded 97% on any of these dates, regardless whether the 1.49 hours of FSL time was included.